IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Manhar P Rama, Mahesh Kisan, and Jayesh D. Patel, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. _____ ) |
| Zygor Energy, Inc., | ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF LOAN AGREEMENT, AND UNJUST ENRICHMENT

Plaintiffs, Manhar P. Rama ("Rama"), Mahesh Kisan ("Kisan"), and Jayesh D. Patel ("Patel")(collectively the "Plaintiffs"), by and through its counsel, and for its Complaint for Breach of Contract, Breach of Loan Agreement, and Unjust Enrichment (the "Complaint") against Defendant Zygor Energy, Inc. ("Zygor" or "Defendant"), states as follows:

## INTRODUCTION

1. Plaintiff Manhar P. Rama at all times relevant to this Complaint was a resident of the State of Florida, with a principal address of 9036 Mayfair Pointe Drive, Orlando, FL 32827.

2. Plaintiff Mahesh Kisan at all times relevant to this Complaint was a resident of the State of Tennessee, with a principal address of 622 Rivergate Parkway, Goodlettsville, TN 37072-2336.

3. Plaintiff Jayesh D. Patel at all times relevant to this Complaint was a resident of the State of Tennessee, with a principal address of 6000 Murray Lane, Brentwood, TN 37027.

4. Defendant Zygor Energy, Inc., is an incorporated company organized under the laws of the state of California. Upon information and belief, no member of Zygor is a citizen of Tennessee

or Florida. Zygor may be served with process through its registered agent Inder Jeet Sharma, at 6415 E. Stonebridge Lane, Anaheim, California 92807.

## JURISDICTION AND VENUE

5. The Defendants and Plaintiffs are of diverse citizenship.

6. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a)(1).

8. This Court has in personam jurisdiction pursuant to Rule 4 of the Federal Rules of Civil Procedure by means of Tennessee's long-arm statue under T.C.A. § 20-2-201. Under Tennessee law, personal jurisdiction extends to the full extent the United States Constitution permits. In doing business with Tennessee residents, receiving the benefit of its bargain from those same Tennessee residents, and exchanging in numerous dialogues where two of the Defendants' documents state their Tennessee location, it would be fair and reasonable to conclude that Defendant could anticipate being hailed into a Tennessee court should any agreement be breached, or one party not uphold its end of the agreement. Moreover, the Plaintiffs have provided Defendant ample opportunity to remedy the lack of payment prior to filing this Complaint with no success, thus requiring Plaintiffs to file this action.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the funds provided to Zygor, and thus giving rise to this action, originated from this District.

## THE TRANSACTIONS

10. Plaintiff incorporates the allegations of the proceeding paragraphs of the Complaint as if fully restated herein.

11. The Plaintiffs have had previously business dealings with the principal of Zygor, Inder Jeet Sharma ("Sharma"). Those business dealings were largely associated with the hotel and hospitality industry.

12. Inder, on behalf of Zygor, reached out to the Plaintiffs in search of funding for a new venture, which eventually became Zygor.

13. The initial purpose of Zygor was to create an electric bike to be sold and use for transportation purpose. Zygor claimed to have exclusive technology associated with the electric engines used for the bikes.

14. On August 23, 2017, Rama provided two hundred thousand dollars ($200,000.00) to Zygor via wire from Rama's Bank of America account.

15. On November 29, 2019, Rama provided an additional one hundred thousand dollars ($100,000.00) to Zygor via wire from Rama's Bank of America account.

16. Upon the initial funds provided to Zygor, Rama was promised certain stock ownership in Zygor. Through both transfers of funds, no ownership interest or stock in Zygor was ever provided to Rama, nor has Rama received any distributions or other funds from Zygor.

17. On September 20, 2016, Kisan provided fifty-two thousand five hundred dollars ($52,500.00) via wire transfer to Zygor.

18. On January 5, 2017, Kisan provided one hundred forty-seven thousand five hundred dollars ($147,500.00) via wire transfer to Zygor for a total of two-hundred thousand dollars ($200,000.00) initially provided to Zygor.

19. Upon the initial funds provided to Zygor, Kisan was promised certain stock ownership in Zygor. Through both transfers of funds, no ownership interest or stock in Zygor was ever provided to Kisan.

20. After providing his initial funds to Zygor, Kisan provided an additional thirty-five thousand dollars ($35,000.00) on September 23, 2019.

21. At no point upon or after the transfers was Kisan provided with any stock or proof of ownership interest in Zygor, nor has Kisan received any distributions or other funds from Zygor.

22. On October 30, 2017, Jay Patel provided four hundred thousand dollars ($400,000.00) to Zygor, and on November 13, 2018, Patel provided an additional four hundred thousand dollars ($400,000.00) to Zygor.

23. At no point upon or after the transfers was Patel provided with any stock or proof of ownership interest in Zygor, nor has Patel received any distributions or other funds from Zygor.

24. The Plaintiffs have made numerous requests to gather information from Zygor regarding the funds provided and any interest related to those funds. Those numerous requests have been met with no response or an evading response from Zygor and/or its principal owner, Sharma.

25. In total, the Plaintiffs have provided one million three hundred thirty-five thousand dollars ($1,335,000.00) to Zygor from August 2017 to present. In providing those funds, none of the Plaintiffs have received any documentation regarding any potential ownership interest in Zygor, any information regarding the use of the funds provided by the Plaintiffs, or any information regarding the repayment of funds and/or dividends or interest associated with those funds.

26. Zygor's actions, or lack of action, have caused significant damage to the Plaintiffs.

## COUNT I – [Breach of Contract]

27. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully stated herein.

28. In exchange for the provided funds, Zygor agreed to provide ownership interest in the entity in exchange for the funds. This agreement created an implied or oral contract between the parties (the "Agreement").

29. At all times relevant, the Plaintiffs have fully performed under the Agreement.

30. As of the date of this Complaint, the Plaintiff's have received no stock certificates, no proof of ownership interest, and no dividends from Zygor.

31. Zygor's failure to provide ownership interest to the Plaintiffs for the funds provided is a breach of the Agreement between the parties.

32. The Plaintiffs have been severely damaged by Zygor's breach.

33. Accordingly, Plaintiffs are entitled to recover from Zygor their individual portion of the $1,135,000.00 provided, together with any other damages that are proven have been proximately caused by Zygor's breach of contract.

## COUNT II – [Breach of Loan Agreement]

34. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully stated herein.

35. As Zygor has failed to provide any information or proof of ownership to the Plaintiffs on account of the provided funds, those provided funds must be construed or treated as loan or bond provided to Zygor.

36. The Plaintiffs have collectively provided $1,335,000.00 in funds to Zygor. Zygor willingly accepted the funds from Plaintiff.

37. Zygor has failed to repay any of the loaned funds, and failed to pay any interest payments to the Plaintiffs for the loaned funds.

38. Plaintiffs have been damaged by Zygor's failure to repay the funds and interest payments.

## COUNT III – [Unjust Enrichment]

39. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully stated herein.

40. Zygor is obligated to repay the funds paid by the Plaintiffs, with interest included.

41. Zygor has been unjustly enriched by the receipt of funds from Plaintiffs and Zygor's failure to provide ownership interest or loan repayment to the Plaintiffs in exchange for the payments.

42. Pursuant to the equitable principle of unjust enrichment, Zygor is required to reimburse the Plaintiffs in the amount of $1,135,000.00.

WHEREFORE, Plaintiffs pray for the following relief:

A. That process issue upon Defendant, and Defendant be required to answer or otherwise respond to the Complaint within the time provided by law;

B. That Plaintiff Rama be awarded a judgment against Zygor in the amount of $-300,000.00, plus any other damages that are proven to have been proximately caused by Zygor's breach;

C. That Plaintiff Kisan be awarded a judgment against Zygor in the amount of $235,000.00, plus any other damages that are proven to have been proximately caused by Zygor's breach;

D. That Plaintiff Patel be awarded a judgment against Zygor in the amount of $800,000.00, plus any other damages that are proven to have been proximately caused by Zygor's breach;

E. That Plaintiffs be awarded their attorneys' fees and expenses to the maximum extent permitted by law;

F. Pre-judgment and post-judgment interest, to the maximum extent permitted by law;

G. That all costs in this action be taxed to Defendants; and

H. For such other and further relief as the Court deems appropriate.

Dated: July 29, 2021

6

Case 3:21-cv-00587   Document 1   Filed 07/30/21   Page 6 of 10 PageID #: 6

Respectfully Submitted,

/s/ Justin T. Campbell
Justin T. Campbell (TN Bar No. 031056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Phone: 615.465.6000
Email: justin@thompsonburton.com

*Attorneys for Plaintiffs*

7

# VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, <u>Manhar P. Rama</u>, declare under penalty of perjury that I have read the Verified Complaint and know the content thereof, and the factual allegations of the Verified Complaint are true and correct, based upon my knowledge, information and belief, and the information available to me.

Executed on this <u>29</u> day July, 2021.

*Manhar P. Rama*
Manhar P. Rama

8

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, <u>Jayesh D. Patel</u>, declare under penalty of perjury that I have read the Verified Complaint and know the content thereof, and the factual allegations of the Verified Complaint are true and correct, based upon my knowledge, information and belief, and the information available to me.

Executed on this <u>29th</u> day July, 2021.

*Jayesh D. Patel*
Jayesh D. Patel

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, <u>Mahesh Kisan</u>, declare under penalty of perjury that I have read the Verified Complaint and know the content thereof, and the factual allegations of the Verified Complaint are true and correct, based upon my knowledge, information and belief, and the information available to me.

Executed on this 29th day July, 2021.

Mahesh Kisan